■ In the Matter of FIDEL C., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Westchester County (Bellantoni, J.), entered September 27, 1990, which, upon a fact-finding order of the same court, dated July 26, 1990, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of criminal trespass in the third degree, adjudged him to be a juvenile delinquent and, *inter alia,* placed him on probation for a period of one year.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the fact-finding order is vacated, and the petition is dismissed.

The Westchester County Attorney's Office (hereinafter the presentment agency) filed a petition charging the appellant Fidel C. with committing an act, which, if committed by an adult, would have constituted the crime of criminal trespass in the third degree. The petition and supporting depositions alleged, and the proof at the fact-finding hearing indicated, that on December 11, 1989, the appellant remained unlawfully in the Galleria Shopping Mall in White Plains, having previously been the subject of a "bar-out" from the shopping mall on November 10, 1989. However, the presentment agency failed to prove that its witness, a security guard at the shopping mall who issued the "bar-out" on November 10, 1989, had the authority to do so. It is well settled that in a prosecution for criminal trespass in the third degree on property open to the public, "the People have the burden of proving that [the] * * * order [to stay off the property] was communicated to the defendant by a person with authority to make [the] order" *(People v Leonard,* 62 NY2d 404, 408). Accordingly, the petition must be dismissed.

In view of our determination, we need not address the remaining issues raised by the appellant. Mangano, P. J., Rosenblatt, O'Brien and Copertino, JJ., concur.